IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) |
|---|---|
| | ) |
| vs. | ) 2:23-cr-110 |
| | ) |
| GIANTE HILLIARD, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Defendant Giante Hilliard is indicted on a single count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Since being indicted, the *en banc* Third Circuit issued its decision in *Range v. Att'y Gen. U.S. of Am.*, 69 F.4th 96 (3d Cir. 2023), in which the Court found that § 922(g)(1) was unconstitutional as applied to Mr. Range. In light of that decision, this Court ordered the parties to brief what effect, if any, *Range* has on the disposition of this case. ECF 37. In response, Mr. Hilliard moved to dismiss the indictment, arguing that the Third Circuit's holding in *Range* applies to him, too. ECF 45. Mr. Hilliard also levels facial, void-for-vagueness, and Commerce Clause attacks against the statute. After careful consideration, the Court rejects each of Mr. Hilliard's challenges and denies his motion.

At the time of the offense conduct in this case and when the indictment was returned, Mr. Hilliard was on state parole for prior state criminal violations. ECF 58-1, p. 1.[1] One of the conditions of his parole was that he "refrain from owning or possessing any firearms or other weapons." *Id.* at 2.

As the Court recently explained, the fact that Mr. Hilliard was on parole at the time of the offense conduct and indictment is outcome-dispositive for his constitutional challenges. *Terry*, 2023 WL 6049551, at *2-4. That's because Mr. Hilliard lacks standing

---

[1] The Court can take judicial notice of the dates and conditions of Mr. Hilliard's parole, and the parties do not dispute these facts. *United States v. Terry*, Nos. 20-43, 22-178, 2023 WL 6049551, at *1 n.1 (W.D. Pa. Sept. 14, 2023) (Ranjan, J.).

to challenge the constitutionality of § 922(g)(1) since any deprivation of Mr. Hilliard's Second Amendment rights was proximately caused by the actions of an "independent third part[y]," the Pennsylvania "parole board that instituted" its "parole conditions." *Id.* at *3. "If a party's constitutional rights are already limited by the acts of a third party not before the court, the party cannot make the required showing of causation." *Id.* (collecting cases). But not only that, under these circumstances, any injury Mr. Hilliard suffered "cannot be cured by a favorable decision from this Court." *Id.* Instead, for this Court to redress Mr. Hilliard's injury and restore his Second Amendment rights to him, he "would likely have to first seek a declaration that [his] state sentence[] deprived [him] of [his] Second Amendment rights." *Id.*

That said, even if Mr. Hilliard had standing, his as-applied challenge would still fail because he was not engaged in protected Second Amendment conduct. *Id.* at *4. Mr. Hilliard's Second Amendment rights were suspended while he was on parole and so "§ 922(g) necessarily couldn't regulate any protected Second Amendment activity by [Mr. Hilliard] at the time [he allegedly] possessed the firearm[] at issue." *Id.*

Mr. Hilliard's remaining constitutional challenges also fail. Mr. Hilliard has not met his burden of showing that "the statute is unconstitutional in all its applications" to succeed on his facial challenge. *Id.* at *5. As for his void-for-vagueness argument, a criminal statute is impermissibly vague only if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008) (citations omitted). "Section 922(g)(1) is not vague as it clearly bars the possession of a firearm by any person who has previously been convicted of a crime punishable by more than one year in prison (or of certain misdemeanors as specifically defined)." *United States v. Ames*, No. 23-178, 2023 WL 5538073, at *3 (E.D. Pa. Aug. 28, 2023); *see also United States v. Blackshear*, No. 23-159, 2023 WL 5985284, at *3 (E.D. Pa. Sept. 14, 2023) ("But § 922(g)(1) provides explicit notice that it bars the possession of a

firearm by any person who has previously been convicted of a crime punishable by more than a year in prison (or of certain misdemeanors as specifically defined)."). Finally, Mr. Hilliard's Commerce Clause challenge to the constitutionality of § 922(g) "fails on the merits, based on existing precedent."[2]  *Terry*, 2023 WL 6049551, at *5.

*   *   *

**AND NOW**, this 21st day of September, 2023, it is hereby **ORDERED** that Mr. Hilliard's motion to dismiss indictment (ECF 45) is **DENIED**.

BY THE COURT

/s/ J. Nicholas Ranjan
United States District Judge

---

[2] Mr. Hilliard explicitly recognizes this fact. ECF 45, p. 3 ("Finally, ***though presently foreclosed by precedent***, Mr. Hilliard asserts for preservation purposes that Section 922(g)(1) is also inconsistent with the original public meaning of the Constitution's Commerce Clause—as alluded to by Judge Porter's concurring opinion in *Range*." (emphasis added)).